**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RANDALL TRAVIS GREEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-CV-480-TCK-TLW** |
| | ) | |
| **MIKE ADDISON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Randall Travis Green, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 6), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 6, 7, 8, and 9). Petitioner filed a reply (Dkt. # 12). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

All of the events giving rise to Petitioner's convictions occurred in Claremore, Oklahoma. On August 30, 2005, Petitioner Randall Travis Green forced his way into the apartment where twenty-five year old Korie Bethel lived with her three young children. Petitioner remained in the apartment for almost 3 ½ hours. During that time, he forced Ms. Bethel to engage in various sex acts, including vaginal intercourse, forcible sodomy, and attempted anal sex. She tried to escape from the apartment and to call 911, but her efforts were thwarted by Petitioner. He threatened to slit her daughter's throat if she told anyone. Concerned that he could be accused of rape, Petitioner also forced Ms. Bethel to write a note stating "I, Korie Bethel, gave Randall Green full permission to explore my body." He took the note with him when he left the apartment. Almost two (2) weeks

passed before Ms. Bethel reported the incident to police.  On October 7, 2005, Detective John Singer of the Claremore Police Department interviewed Petitioner concerning the allegations made by Ms. Bethel.  After being advised of his Miranda[1] rights, Petitioner agreed to speak with Detective Singer. Petitioner stated he was twenty-one (21) years old at that time, he acknowledged engaging in sexual activity with Ms. Bethel, and he admitted he had Ms. Bethel write on a piece of paper that she had given him permission to explore her body.

In October 2005, two thirteen (13) year old girls, L.S. and J.C., were babysitting for Christina Crawford, a friend of L.S.'s mother.  Sometime between 10 and 11 p.m., Petitioner knocked at the door.  J.C. answered the knock.  Petitioner said he needed to talk to Christina.  When he learned that Christina was not home and that the girls were babysitting, he told L.S. he needed to talk to her.  He took her into a bedroom, pulled off her pants, and, with L.S. facing away from him, put his penis in her vagina.  After he stopped, he told L.S. not to tell anybody. He then took J.C. into the garage. There, he subjected her to forcible sodomy and vaginal intercourse, all without J.C.'s consent. Petitioner told her not to tell anyone. At least three (3) weeks passed before L.S. and J.C. reported the incidents to police. They were given physical examinations by Dr. Debra Colpitt at the Children's Advocacy Center, located in Claremore, Oklahoma.

In November 2005, sometime before Thanksgiving, fourteen (14) year old B.O. went to the home of a friend to spend the night.  The friend was Petitioner's half-sister.  That night, Petitioner forced B.O. to have vaginal intercourse with him.  On January 3, 2006, Petitioner gave B.O. a ride home after she had missed her school bus.  He stopped the car in a wooded area and again forced

---

[1]      Miranda v. Arizona, 384 U.S. 436 (1966).

B.O. to have sexual intercourse with him.  B.O. told her mother about the sexual abuse on January 9, 2006, and they proceeded to report the incidents to the police.

As a result of those events, Petitioner was charged in a Second Amended Information with ten (10) felonies, including five (5) counts of first degree rape, two (2) counts of forcible sodomy, extortion, first degree burglary, and kidnapping, in Rogers County District Court, Case No. CF-2006-26.  See Dkt. # 6, Ex. 1.  At the conclusion of a jury trial, Petitioner was found guilty of ten felony offenses, as follows: First Degree Rape (Count I), Forcible Sodomy (Count II), Extortion (Count III), First Degree Burglary (Count IV), Kidnapping (Count V), First Degree Rape (Count VI), First Degree Rape (Count VII), Forcible Sodomy (Count VIII), and two counts of the lesser included offense of Second Degree Rape (Counts IX and X).  Counts I-V were based on the incident involving Korie Bethel; the victim for count VI was L.S.; the victim for counts VII and VIII was J.C.; and the victim for counts IX and X was B.O. On January 11, 2007, Petitioner was sentenced in accordance with the jury's recommendation to consecutive sentences totaling seventy-three (73) years imprisonment.  Petitioner was represented at trial by attorney Timothy D. Wantland.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorneys Steven M. Presson and Robert W. Jackson, Petitioner raised the following propositions of error:

Proposition 1: None of the allegations were corroborated as required by law and all convictions must therefore be vacated and the charges dismissed.  The charges cannot be corroborated by other similar uncorroborated allegations.

Proposition 2: The three separate groups of offenses should not have been tried before the same jury as doing so prejudiced Mr. Green and violated his rights under Oklahoma and federal law.

Proposition 3: Trial counsel rendered ineffective assistance of counsel by failing to seek a severance of the counts and object to a single trial.

3

See Dkt. # 6, Ex. 1.  In an unpublished summary opinion filed December 4, 2007, in Case No. F-2007-114 (Dkt. # 6, Ex. 3), the OCCA found none of Petitioner's claims to be meritorious and affirmed the Judgment and Sentence of the trial court.

On May 2, 2008, Petitioner, appearing *pro se*, filed an application for post-conviction relief and supporting brief  in the state district court. See Dkt. # 6, Exs. 4 and 4a. He identified one proposition of error, as follows:

> Proposition One:   Mr. Green's right to due process of law under the Fourteenth Amendment to the United States Constitution, and his Sixth Amendment rights to the effective assistance of his trial and appellate counsels were violated when the Rogers County prosecutor knowingly fabricated and introduced false evidence in the form of testimony into the trial; and where both counsels failed to conduct any reasonable investigations into the victim's statement in order to determine that such investigations were unwarranted, despite the evidence indicating otherwise.

(Dkt. # 6, Ex. 4a).  Petitioner also filed a motion to supplement his application for post-conviction relief in which he identified a second proposition of error, as follows:

> Proposition Two:   Dr. Colpitt's expert testimony regarding the truthfulness and credibility of alleged victims was improper and prejudicial and requires reversal of Petitioner's convictions; Mr. Green's Sixth Amendment rights to the effective assistance of his trial and appellate counsels were violated when trial counsel failed to object to the improper and prejudicial expert testimony at trial; and when appellate counsel failed to raise such an issue on direct appeal.

(Dkt. # 6, Ex. 4b).  By Order filed September 30, 2008 (Dkt. # 6, Ex. 5), the state district judge denied Petitioner's request for post-conviction relief.  Petitioner appealed.  On February 2, 2009, the OCCA affirmed the denial of post-conviction relief.  See Dkt. # 6, Ex. 7.

On February 25, 2009, Petitioner filed a second application for post conviction relief alleging that the State failed to disclose exculpatory evidence.  See Dkt. # 6, Ex. 8.  By Order filed March

12, 2009 (Dkt. # 6, Ex. 8), the state district judge denied Petitioner's second application for post-conviction relief.   Petitioner appealed.   On May 20, 2009, the OCCA affirmed the denial of Petitioner's second application.   See Dkt. # 6, Ex. 10.

On July 22, 2009, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies seven (7) grounds for relief, as follows:

Ground 1:   The allegations against Mr. Green were not corroborated as required by law.

Ground 2:   The three separate groups of offenses should have been tried separately, so as to avoid prejudice to Mr. Green.

Ground 3:   Petitioner's constitutional right to the effective assistance of counsel was violated by counsel's failure to object to joinder.

Ground 4:   Petitioner's convictions rest upon the perjured testimony of [J.C.] in violation of his Sixth and Fourteenth Amendment rights.

Ground 5:   Improper vouching by expert witness Dr. Colpitt regarding the truthfulness and credibility of the alleged victims violated Mr. Green's Sixth and Fourteenth Amendment rights.

Ground 6:   The state's failure to disclose exculpatory impeachment evidence regarding [J.C.]'s prior rape allegation against Sam Allen was a violation of Brady v. Maryland and violated Petitioner's Fourteenth Amendment rights to due process of law.

Ground 7:   Petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights due to appellate counsel's failure to assert Petitioner's claims in Grounds Four, Five and Six on direct appeal.

(Dkt. # 1).  In response to the petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d), or are procedurally barred. See Dkt. # 6.

5

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Respondent states that Petitioner has exhausted his state court remedies as to the seven grounds raised. See Dkt. # 6, ¶ 6. The Court agrees and finds that Petitioner has exhausted available state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

This Court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Snow v. Sirmons, 474 F.3d 693, 696 (10th Cir. 2007).  Under AEDPA, the standard of review applicable to each claim depends upon how that claim was resolved by the state courts. Alverson v. Workman, 595 F.3d 1142, 1146 (10th Cir. 2010) (citing Snow, 474 F.3d at 696). When a state court has adjudicated the merits of a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established[2] Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1)(2); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).

---

[2]      A legal principle is "clearly established" within the meaning of this provision only when it is embodied in a holding of the Supreme Court. See Carey v. Musladin, 549 U.S. 70, 74 (2006).

The first step in applying § 2254(d)(1) standards is to assess whether there was clearly established federal law at the time the conviction became final, as set forth in the holdings of the Supreme Court. House v. Hatch, 527 F.3d 1010, 1016-17 (10th Cir. 2008). If clearly established federal law exists, the Court must then consider whether the state court decision was contrary to or involved an unreasonable application of Supreme Court law. Id. at 1018. When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). It is not necessary, however, that the state court cite to controlling Supreme Court precedent, so long as neither the reasoning nor the result of the state court decision contradicts Supreme Court law. Early v. Packer, 537 U.S. 3, 8 (2002). Further, the Supreme Court has recently held that "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, --U.S.--, 131 S.Ct. 1388, 1398 (2011). Thus, "evidence introduced in federal court has no bearing on §2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the record that was before that state court." Id. at 1400 (footnote omitted).

Application of § 2254(d)(2) requires the Court to review any factual findings of the state court to ascertain whether they were unreasonable in light of the evidence presented at trial. "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, -- U.S. --, 130 S.Ct. 841, 849 (2010) (citing Williams, 529 U.S. at 410). The "determination of a factual issue made by a State

7

court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To the extent Petitioner's claims are cognizable in this federal habeas corpus proceeding and not procedurally barred, his claims shall be reviewed pursuant to § 2254(d).

### 1.  Lack of corroborating evidence

As his first proposition of error, Petitioner claims that he is entitled to habeas corpus relief because none of the victims' allegations were corroborated "as required by law." See Dkt. # 1. The OCCA rejected this claim on direct appeal, finding that "corroboration was not required, as each victim gave consistent testimony, and the evidence was not so inherently improbable that it cannot support a conviction." See Dkt. # 6, Ex. 3.  The OCCA elaborated by stating that:

> Each witness told a clear and consistent story about what Green did to her, and none of the witnesses were impeached.  Insofar as this proposition can be interpreted as a claim of insufficient evidence, it must fail.  Taking the evidence in the light most favorable to the State, any rational trier of fact could find the elements of each charged crime beyond a reasonable doubt. *Dodd v. State*, 2004 OK CR 31, 100 P.3d 1017, 1041-42.

(Dkt. # 6, Ex. 3 at n.2).

Oklahoma law provides that a victim's testimony usually need not be corroborated to sustain a rape conviction. See Gilmore v. State, 855 P.2d 143, 145 (Okla. Crim. App. 1993) ("Corroboration is necessary for admission of a rape victim's testimony only where the testimony is so unsubstantial and incredible as to be unworthy of belief."). The Oklahoma Court of Criminal Appeals found that the victims' testimony in this case did not require corroboration. Petitioner is not entitled to habeas corpus relief as a result of the OCCA's ruling. There is no Supreme Court precedent requiring corroboration of victim testimony. See, e.g., Parker v. Scott, 394 F.3d 1302, 1314 (10th Cir. 2005) (stating that "[n]o direct Supreme Court precedent requires corroboration of child witness

testimony"). As a result, the OCCA's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). For that reason, Petitioner is not entitled to habeas relief on this claim. See Harrington v. Richter, --- U.S. ---, 131 S.Ct. 770, 786 (2011) (stating that "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court").

Furthermore, even if Petitioner's claim is adjudicated as an attack on the sufficiency of the evidence to support the conviction, as noted by the OCCA, he is not entitled to habeas corpus relief. The standard for analyzing a challenge to the sufficiency of the evidence is set forth in Jackson v. Virginia, 443 U.S. 307 (1979). The Jackson standard derives from the right to due process. See id. at 315 (due process requires a conviction to be based "upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged") (quoting In re Winship, 397 U.S. 358, 364 (1970)). Under Jackson, the Court is required to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. "This ... standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Petitioner argues that the victims' testimony contained contradictions and was unbelievable. Upon review of the record, however, the Court cannot conclude that the OCCA unreasonably applied Jackson in finding the victims' testimony sufficient to convict. As a preliminary matter, it is axiomatic that the responsibility of adjudging the victims' credibility belonged to the trier of fact. See id. This Court will not second-guess the jury's credibility determinations. Wingfield v. Massie,

9

122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). To the extent Petitioner claims that the victims' testimony was inconsistent, his counsel had the opportunity to cross-examine the victims and the other witnesses to expose the alleged inconsistencies. None of the victims' testimony, standing alone or collectively, is inherently implausible. The jury was in a position to credit or discount the testimony and weigh the inconsistencies in light of the victims' ages and the passage of time.

Upon review of the entire record, and viewing the evidence in the light most favorable to the prosecution, a rational jury could have readily concluded that there was sufficient evidence to convict on every element of the offenses. The victims testified in detail regarding Petitioner's actions and gave explicit descriptions of the incidents. In addition, the victims' testimony held up under cross-examination by Petitioner's trial counsel. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### 2. Joinder of charges involving three sets of offenses

As his second proposition of error, Petitioner alleges that the three separate groups of offenses should have been tried separately. In rejecting this claim on direct appeal, the OCCA found "there was no plain error in the joinder of offenses in this case." See Dkt. # 6, Ex. 3. The OCCA further stated that "[t]he similarity of victims and offenses, and proximity of location, strongly suggests that the separate rapes overlapped as part of a common scheme or plan." Id. at n.3.

Generally, severance is a question of state law not cognizable in federal habeas proceedings. Fox v. Ward, 200 F.3d 1286, 1292 (10th Cir. 2000) (citing Cummings v. Evans, 161 F.3d 610, 619

(10th Cir. 1998)). There is no constitutional right to severance without a strong showing of prejudice caused by the joint trial. Id. The simultaneous trial of more than one offense must actually render a petitioner's state trial fundamentally unfair and hence, violative of due process before relief pursuant to 28 U.S.C. §§ 2254 would be appropriate. Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir. 1991) (citation omitted). Misjoinder must have "result[ed] in prejudice so great as to deny [Petitioner] his Fifth Amendment right to a fair trial" in order for the Court to find that Petitioner suffered a constitutional violation. United States v. Lane, 474 U.S. 438, 446 n.8 (1986).

In this case, the Court finds that Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair as a result of the joinder of offenses. Petitioner's crimes occurred over a relatively short four month period, all in the town of Claremore, Oklahoma. Three of the victims were teenaged girls, two were thirteen (13) years old, the third was fourteen (14) years old when Petitioner first raped her. The fourth victim was older, but the pattern of sexual assault was similar to that reported by the teenaged victims, and included Petitioner's attempted penetration from behind the victim and forcing his penis in the victim's mouth. Three of the victims testified that Petitioner told them "not to tell anybody." Furthermore, despite Petitioner's assessment of the testimony of the victims as "inconsistent," the Court disagrees and finds the victims' testimony to have been consistent and plausible. Each victim testified concerning the acts committed against her by Petitioner. Significantly, Defense counsel cross-examined the victims and other witnesses for the state and issues of credibility were before the jury. After reviewing the transcripts from Petitioner's trial, the Court concludes that Petitioner's trial was not rendered fundamentally unfair by the joinder of offenses. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was

11

contrary to, or an unreasonable application of federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief on this claim.

### 3. Ineffective assistance of trial counsel

As his third ground of error, Petitioner asserts, as he did on direct appeal, that trial counsel provided ineffective assistance in failing to request that his trial be severed. In its summary opinion affirming Petitioner's conviction and sentence, the OCCA cited Williams v. Taylor, 529 U.S. 362, 393 (2000), and Strickland v. Washington, 466 U.S. 668 (1984), and found that "as joinder was proper, Green was not prejudiced by counsel's failure to object to joinder or move for severance, and counsel was not ineffective."  See Dkt. # 6, Ex. 3.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA unreasonably applied Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Thus, because this case arises on collateral review and the OCCA ruled on the merits of the claim, a federal court may intercede to afford Petitioner relief only if he can overcome that "doubly deferential" hurdle. Pinholster, 131 S.Ct. at 1403.  A defendant can establish the deficient performance prong of Strickland by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t

is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel's performance must be "completely unreasonable" to be constitutionally ineffective, "not merely wrong." Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997). To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

The Court has determined above that Petitioner is not entitled to habeas corpus relief on his underlying claim that the three separate groups of offenses should have been tried separately.  The OCCA ruled that "joinder was proper. . . ."  The Court agrees.  Based on the trial record, the Court finds Petitioner has failed to satisfy the deficient performance prong of the Strickland standard. Defense counsel did not perform deficiently in failing to seek a severance or lodge an objection to a single trial.  Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief on this claim.

**4.  Presentation of perjured testimony based on discovery of new evidence**

As his fourth proposition of error, Petitioner contends that, based on evidence obtained after the conclusion of his direct appeal, the State knowingly presented false testimony by victim J.C. He raised this claim in his first application for post conviction relief.  See Dkt. # 6, Exs. 4 and 4a. The "newly discovered evidence" forming the basis of this claim is a transcription of a conversation,

dated January 27, 2008, among J.C., her mother, Andrea Curry, and a man named David Starkey. See Dkt. # 6, Ex. 4a, attached Ex. A. During that purported "conversation," J.C. claims that Sgt. Wayne Stinnett, an investigator for the Rogers County District Attorney's Office, and Assistant Attorney Patrick Abitbol, coached her testimony and threatened her with being sent to "juvie" if she did not testify in accordance with their instructions. Id. at 19, 22, 24, 49.   J.C. also stated that Petitioner did not rape her, that she "did that willingly." Id. at 17, 18, 44. The Rogers County District Attorney filed a response to Petitioner's application for post-conviction relief, see Dkt. # 6, Ex. 4b, and provided affidavits refuting the allegations of coercion made during the purported "conversation."

In affirming the denial of post-conviction relief, the OCCA reviewed the transcribed conversation in conjunction with the evidence presented at trial and found that:

> The transcript of the conversation between victim J.C., her mother and David Starkey is simply that, a conversation.  A review of this transcript reveals a disjointed dialogue, containing vague generalities of an alleged conspiracy in Rogers County involving everyone in the judicial system, the District Attorney, and all law enforcement officials.  The alleged claim is that J.C. was threatened with being sent to "juvie" if she failed to testify that Petitioner raped her.  The statements in the transcript are convoluted, disjointed, and make only passing reference to Petitioner's involvement with the victims who accused him of rape and sodomy.  The discussion was conducted with only one of the victims and presents no evidence, new or otherwise, for the court to evaluate.  It contains no recantation of the victim's original claims, nor does it constitute proof of Petitioner's innocence.  Even if everything in the conversation is taken as true, there is still insufficient evidence to constitute a finding that Petitioner did not commit the charged offenses.

(Dkt. # 6, Ex. 7 at 4-5).

"[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976); see also United

States v. Wolny, 133 F.3d 758, 762 (10th Cir. 1998) (citing Giglio v. United States, 405 U.S. 150, 153 (1972) (citation omitted)). To be entitled to relief, a petitioner must demonstrate: "(1) that the testimony was false, (2) that it was material, and (3) that it was knowingly and intentionally used by the government to obtain a conviction." Wolny, 133 F.3d at 762. Significantly, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a denial of due process based on the knowing use of false or perjured testimony. Byrd v. Collins, 209 F.3d 486, 517-18 (6th Cir. 2000). A federal court may not second-guess a state court's factfinding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable. See Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001) (finding that state court's determination of facts must be objectively unreasonable in light of evidence available to the state court). Mere disagreement with the state court's determination, or even erroneous factfinding, is insufficient to grant relief if that court acted reasonably. Id. "[D]eterminations of a factual issue made by a State Court shall be presumed to be correct," unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Clear and convincing evidence is evidence that is "so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." United States Fire Ins. Co. v. Royal Ins. Co., 759 F.2d 306, 309 (3rd Cir. 1985).

In this case, the OCCA made factual findings that the record presented by Petitioner did not rise to the level of a recantation by J.C. and that Petitioner had not demonstrated that J.C.'s testimony was coerced or falsified.  Those findings of fact by the OCCA are entitled to a presumption of correctness.  28 U.S.C. § 2254(e)(1).  Petitioner is not entitled to habeas relief unless he rebuts the presumption of correctness with clear and convincing evidence. Id. Petitioner has failed

15

to carry his burden. He has not presented any evidence to rebut the OCCA's finding that the prosecutor did not knowingly present false testimony during his trial, or that the trial testimony of J.C. was false. See Van Woudenberg v. Gibson, 211 F.3d 560, 569 (10th Cir. 2000), *overruled on other grounds*, McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001); Romano v. Gibson, 239 F.3d 1156, 1175 (10th Cir. 2001). In essence, Petitioner requests that this Court reconsider and reweigh the evidence previously presented, and redetermine the credibility of the witness. That is not the proper function of federal habeas review. The evidence in the record fails to establish that J.C.'s trial testimony was false. Therefore, Petitioner is not entitled to federal habeas corpus as to this claim.

### 5. Ineffective assistance of appellate counsel

As his seventh ground of error, Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise on direct appeal his claims identified in grounds four, five and six. Petitioner raised a claim of ineffective assistance of appellate counsel on post-conviction appeal. See Dkt. # 6, Ex. 6. The OCCA rejected the claim of ineffective assistance of appellate counsel on the merits, ruling as follows:

> The standard to be used in evaluating appellate counsel's performance is determined under the general principles enumerated in *Strickland v. Washington*, 466 U.S. 688, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984). Petitioner must show that counsel's performance was deficient and that the deficiency prejudiced him. Petitioner alleges appellate counsel's failure to raise ineffective assistance of trial counsel, specifically to challenge the testimony presented at trial by Dr. Colpitt, to challenge the victims' versions of events as presented at trial, and to challenge the District Attorney['s] alleged fabrication of evidence, all resulted in a denial of due process and constituted ineffective assistance of appellate counsel. We find nothing in the appeal record presented to this court indicating that Petitioner's representation on direct appeal was deficient, or that the result in his case would have been different but for appellate counsel's alleged ineffective assistance.

(Dkt. # 6, Ex. 7 at 3-4).

To be entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel, Petitioner must demonstrate that the OCCA unreasonably applied Strickland. As discussed above, the Strickland standard requires a defendant to show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687.  A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Pinholster, 131 S.Ct. at 1403.

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal."  Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d).

17

### a. Knowing use of perjured testimony

Petitioner claims appellate counsel provided ineffective assistance in failing to argue on direct appeal that the prosecution coerced one of the victims, J.C., to testify that she had been raped by Petitioner.  In resolving Petitioner's post-conviction appeal, the OCCA considered and rejected this claim on the merits.  Thus, Petitioner's claim of ineffective assistance of appellate counsel fails because even if this claim had been raised on direct appeal, Petitioner cannot demonstrate that he would have prevailed on his appeal. See Strickland, 466 U.S. at 694.  Petitioner is not entitled to habeas relief on this claim of ineffective assistance of appellate counsel.

### b. Improper vouching by expert witness Dr. Colpitt

Next, Petitioner claims that appellate counsel provided ineffective assistance in failing to argue that the State's expert, Dr. Colpitt, improperly vouched for the truthfulness and credibility of alleged victims L.S. and J.C.  Although Petitioner claims that Dr. Colpitt improperly opined that the allegations made by L.S. and J.C. were credible, he does not cite to specific testimony supporting that claim. The record reflects that Dr. Colpitt testified as an expert witness regarding the results of her physical examinations of L.S. and J.C.  She testified that she saw no injuries and that both girls' mucous membranes, or hymens, were intact. See Dkt. # 8-3, Tr. Trans. at 231, 235, 239. Nonetheless, she testified that  because the hymen heals very well, the girls' physical condition did not disprove their claims that they had been raped.  Id. at 234, 236, 240.  She responded affirmatively when asked if L.S. was a "credible historian" in terms of her allegations, id. at 237, and when asked if the information provided by J.C. was credible, id. at 241. Defense counsel cross-examined Dr. Colpitt. On cross-examination, Dr. Colpitt confirmed for defense counsel that no medical information indicated that a rape took place. Id. at 243.  On redirect, Dr. Colpitt confirmed

18

that in her opinion both L.S. and J.C. suffered psychological stress from some event. Id. at 243.  But

on recross, she confirmed that other than the history provided by the girls, she had no idea what

event could have caused the psychological stress.  Id. at 244.

Upon review of Dr. Colpitt's testimony and taking her statements in context, the Court finds

that her testimony did not rise to the level of improper vouching for the victims' truthfulness.  Dr.

Colpitt was not asked to provide opinion testimony about the victims' propensity to lie or tell the

truth. Cf. Lawrence v. Oklahoma, 796 P.2d 1176, 1176-77 (Okla. Crim. App. 1990). Moreover, Dr.

Colpitt did not improperly express an opinion regarding whether Petitioner had raped L.S. and J.C.

Cf. McCarty v. State, 765 P.2d 1215, 1218 (Okla. Crim. App. 1988). An expert may testify about

symptoms consistent with sexual abuse without improperly vouching for the witness's credibility.

See United States v. Charley, 189 F.3d 1251, 1264-1265, 1269 (10th Cir. 1999); Hellums v.

Williams, 16 Fed.Appx. 905, 2001 WL 892492, at *3 (10th Cir.  Aug.8, 2001) (unpublished).

Petitioner has failed to demonstrate that Dr. Colpitt's testimony was improper. Therefore, appellate

counsel did not perform deficiently in failing to raise this claim on direct appeal. Petitioner has

failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application

of Strickland.  He is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

### c.  State's failure to disclose exculpatory impeachment evidence

Lastly, Petitioner claims that appellate counsel provided ineffective assistance in failing to

raise his sixth proposition of error: that the State did not disclose exculpatory impeachment evidence

in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "the suppression by the

prosecution of evidence favorable to an accused upon request violates due process where the

evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the

prosecution"). He cites to a prior rape allegation by J.C. against a man named Sam Allen. See Dkt. # 1. J.C. discussed the prior rape in the transcribed conversation underlying the claim analyzed in Part B(4) above. Petitioner raised the claim regarding J.C.'s prior rape allegation in his second application for post-conviction relief. The OCCA imposed a procedural bar on the underlying claim.

Petitioner has failed to satisfy either prong of Strickland as to his claim of ineffective assistance of appellate counsel. First, nothing in the record provides a basis for finding that appellate counsel had reason to know about J.C.'s rape allegation against Sam Allen. Furthermore, even if the prosecutors involved in Petitioner's criminal case were aware of J.C.'s allegations against Sam Allen and failed to disclose that information to the defense, those allegations would not be exculpatory as to J.C.'s claims involving Petitioner. Upon review of the record, including J.C.'s testimony at preliminary hearing and at trial, the Court agrees with the state courts' determinations that the statements contained in the transcript do not constitute a recantation by J.C. and are simply not reliable. Petitioner is not entitled to habeas relief on this claim of ineffective assistance of appellate counsel.

## C. Procedural bar

Ground 5 of the habeas petition was raised in Petitioner's first application for post-conviction relief. In affirming the denial of post-conviction relief, the OCCA declined to consider the claim as a result of Petitioner's failure to raise the claim on direct appeal. See Dkt. # 6, Ex. 7. Citing state law, the OCCA specifically stated that "[a] claim which could have been raised on direct appeal, but was not is waived." Id. Ground 6 of the habeas petition, a claim based on information contained in the "conversation" among J.C., her mother, and David Starkey, was raised in Petitioner's second

20

application for post-conviction relief.  The OCCA declined to consider the claim based on Petitioner's failure to raise it in his first application for post-conviction relief. See Dkt. # 6, Ex. 10.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined or would decline to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes, 46 F.3d at 985; Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

Habeas review of grounds 5 and 6 is procedurally barred. The OCCA's procedural bars were "independent" state grounds because state law provided "the exclusive basis for the state court's holding[s]." Maes, 46 F.3d at 985.  The procedural bars were also adequate to preclude federal review because the OCCA routinely bars claims that could have been but were not raised in a prior proceeding.  Okla. Stat. tit. 22, § 1086.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the defaults, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of  the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

As cause for the procedural default of his claims, Petitioner alleges ineffective assistance of appellate counsel for failing to raise the claims on direct appeal.  The Court has determined above, however, that appellate counsel did not provide ineffective assistance in failing to raise the omitted claims. Therefore, Petitioner has failed to establish "cause" sufficient to overcome the procedural bar applicable to the omitted claims.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence.  Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this habeas corpus action, Petitioner does claim to be actually innocent.  However, he fails to make a "colorable showing" of factual innocence. He presents no "new evidence" supporting his claims of innocence. Therefore, he does not fall within the "fundamental miscarriage of justice" exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that the defaulted claims identified in grounds 5 and 6 are procedurally barred. Coleman, 510 U.S. at 724. Petitioner is not entitled to habeas corpus relief on those claims.

### D. Certificate of appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the Oklahoma Court of Criminal Appeals was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). In addition, nothing suggests that the Court's ruling resulting in the denial of certain claims on procedural grounds was debatable or incorrect. The

record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2.    A separate judgment shall be entered in this matter.

3.    The Clerk of Court shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 11-5156.

4.    A certificate of appealability is **denied**.

**DATED** this 21st day of December, 2011.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE